UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JULIA CLINE,                                                                             Plaintiff,

v.                                                   Civil Action No. 3:14-cv-728-DJH

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,                                            Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Julia Cline sued The Prudential Insurance Company of America after it refused to continue paying Cline disability insurance benefits, and then denied her appeal of that decision. (Docket No. 1) Cline alleges breach of contract, a violation of the Kentucky Unfair Claims Settlement Practices Act (UCSPA), and bad faith. (*Id.*) Cline's claims are not governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., because she converted from a group disability policy to an individual disability policy at the end of her employment. (D.N. 1-1, PageID # 10) Pursuant to Rule 12(b)(6), Prudential moves for partial dismissal of the UCSPA and bad faith claims. (D.N. 8) Cline opposes this motion and requests leave to file an amended complaint. (D.N. 12) For the following reasons, the Court will grant Prudential's motion and will dismiss Cline's complaint in part. Additionally, Cline's motion to amend will be denied.

### I.     BACKGROUND

Cline worked as a legal secretary before she was injured in April 2011. (D.N. 12, PageID # 79) At first, Prudential's Long Term Disability Conversion Coverage insurance policy covered

Cline.[1] (*Id.*, PageID # 80) Her benefits lasted for twenty-four months until Prudential eliminated them due to a twenty-four month mental health limitation in the policy. (*Id.*) Cline appealed. (*Id.*) She presented Prudential with opinions from the Social Security Administration, her treating physician, and an independent medical examiner that all stated she was unable to work. (*Id.*) Nevertheless, Prudential denied her appeal. (*Id.*) Prudential relied on a review conducted by internal physicians. (D.N. 12-1, PageID # 88) Cline claims the denial was in bad faith and a violation of the UCSPA. (D.N. 12, PageID # 80) Prudential moves to dismiss these claims. (D.N. 8)

## II.     STANDARD

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557). When reviewing a complaint for plausibility, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

## III.     ANALYSIS

The Court will grant Prudential's motion to dismiss because Cline's complaint, including her amended complaint, fails to state a bad faith claim that is plausible on its face. *Twombly*, 550

---

[1] Cline converted the Policy from a group disability policy to an individual disability policy at the end of her employment. Cline conceded that, because of this, the Policy is not governed by ERISA, 29 U.S.C. § 1001, et seq. (D.N. 1-1, PageID # 10)

U.S., at 570. The Kentucky Supreme Court has developed a single test for the merits of all bad faith claims, including claims under the UCSPA. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 527 (6th Cir. 2006). The test dictates that

> "an insured must prove three elements in order to prevail against an insurance company for alleged refusal in bad faith to pay the insured's claim: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed."

*Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (quoting *Federal Kemper Ins. Co. v. Hornback*, 711 S.W.2d 844, 846-47) (Leibson, J. dissenting) (other citation omitted).

Before reaching Kentucky's bad faith test, however, there must be "evidence sufficient to warrant punitive damages." *United Servs. Auto. Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky. App. 2003). To demonstrate punitive damages, plaintiffs must meet "a high threshold standard that requires evidence of 'intentional misconduct or reckless disregard of the rights of an insured or a claimant[.]'" *Phelps v. State Farm Mut. Auto. Ins. Co.*, 736 F.3d 697, 703 (6th Cir. 2012) (quoting *Wittmer*, 864 S.W.2d at 890).

Here, Cline's complaint fails to allege any plausible intentional misconduct or reckless disregard. (D.N. 1-1, PageID # 12) Instead, the complaint alleges Prudential made an unsupported factual determination with the interest of maximizing its own profitability when it denied Cline's claim. (*Id.*) The complaint, however, is void of any factual enhancements to make this assertion plausible. Moreover, Cline's proposed amended complaint provides a reasonable basis for Prudential's "unsupported factual determination." (D.N. 12-1, PageID # 88) The amended complaint states that "Prudential based its denial of benefits on claim file reviews solely conducted by internal physicians employed by Prudential." (*Id.*) Basing its determination on file reviews by internal physicians does not demonstrate intentional misconduct or a reckless

3

disregard. Both the original complaint and the proposed amended complaint fail to allege facially plausible facts that meet the high threshold for bad faith claims under Kentucky common law and the UCSPA. Therefore, The Court grants Prudential's motion for a partial dismissal.

Further, the Court denies Cline's request for leave to file the proposed amended complaint. It is generally held that "[i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Hardwick v. Bayer Healthcare Pharms., Inc.*, No. 14-CV-0082-H, 2014 U.S. Dist. LEXIS 111775, at *4 (W.D. Ky. Aug. 12, 2014) (citing *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)). Where a proposed amended complaint could not survive a motion to dismiss, however, amendment is futile and need not be allowed. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Cline's proposed amended complaint fails to assert new facts that enhance her bad faith and UCSPA claims. It is not possible for Cline to correct the defect in her pleading, making amendment futile. Therefore, the Court denies her request for leave to file an amended complaint.

### IV.  CONCLUSION

The Court concludes that Cline has failed to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss in Part (D.N. 8) is **GRANTED**. Plaintiff's claims for bad faith and for violations of the UCSPA (Compl. ¶¶ 31, 33, 34, 35) are **DISMISSED WITH PREJUDICE**.

4

5

**IT IS FURTHER ORDERED** that the Plaintiff's request for leave to file an amended complaint (D.N. 12) is **DENIED**.